UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CONTROSE INC., a New York Corporation; BOB KUNG, an Individual and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 1:21-cv-6858 (VF)<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Pparties in connection with the pre-trial phase of this action:

1. Counsel for any Pparty may designate and stamp any document or information, in whole or in part, as confidential "CONFIDENTIAL" if counsel determines, in good faith, that such designation is necessary to protect the business, commercial, financial or personal interests of the producing Person (as defined below) to whom a duty of confidentiality is owed and that consists of: interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as

1
CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

confidential will be stamped "CONFIDENTIAL."

      a.    non-public insider information, personnel files, financial information, trade secrets, confidential commercial information, proprietary information, material relating to ownership or control of any non-public company, business plans, product development information, marketing plans, or other confidential or sensitive information which the producing person or entity determines in good faith should be kept confidential;

      b.    information that the producing person or entity is under a duty to preserve as confidential under an agreement with, or other obligation to, a third party;

      c.    any information of a personal or intimate nature regarding any individual; or

      d.    any other category of information hereinafter given confidential status by the Court.

All of the foregoing identified in this Section 1 and its subparts are defined as "Confidential Information".

2.    The Confidential Information disclosed will be held and used by the person, entity, Party, and the Party's representatives, agents, experts, consultants, and all third parties providing discovery in this action, and all other interested persons or entities ("Person") receiving such information solely for use in connection with the action and in accordance with this Protective Order.

3.    With respect to deposition transcripts, a producing Person or that Person's counsel may designate such portion as Confidential only either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated

testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing Person or that Person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

4. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

5. The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any Person, except:

    a. The requesting Party, the Party's insurers, and counsel to its insurer, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, upon signing the form annexed as Exhibit A hereto;

   d. The Court (including a public or private~~the~~ mediator or arbitrator, or other P~~p~~erson having access to any Confidential Information by virtue of his, ~~or~~ her, ~~-~~position with the Court, provided they execute the form annexed as Exhibit A hereto);

   e.~~.~~ Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel may hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

   f. As to any document, its author, its addressee, and any other Person indicated on the face of the document as having received a copy;

   g. Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such Person has first executed the form annexed as Exhibit A hereto; and

   h. Stenographers engaged to transcribe depositions conducted in this action.

  6~~5~~. Prior to disclosing or displaying the Confidential Information to any P~~p~~erson, counsel must:

   a. Inform the P~~p~~erson of the confidential nature of the information or documents;

   b. Inform the P~~p~~erson that this Court has enjoined the use of the information or documents by him/her/it for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other P~~p~~erson; and

   c. Require each such P~~p~~erson to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7~~6~~. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8~~7~~. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving P~~p~~arty in a manner that is secure and confidential and shared only with authorized ~~individuals~~ Persons in a secure manner. The producing P~~p~~arty may specify the minimal level of protection expected in the storage and transfer of its information. In the event the P~~p~~arty who received PII experiences a data breach, it shall immediately notify the producing P~~p~~arty of same and cooperate with the producing P~~p~~arty to address and remedy the breach. Nothing herein shall preclude the producing P~~p~~arty from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving P~~p~~arty's failure to appropriately protect PII from unauthorized disclosure.

9~~8~~. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a P~~p~~arty's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10<span style="text-decoration: line-through">9</span>. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The <u>P</u><s>p</s>arties shall follow the Court's procedures for requests for filing under seal.

11. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

12<s>0</s>. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing <u>P</u><s>p</s>arty or certified as destroyed, except that the <u>P</u><s>p</s>arties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13<s>1</s>. Nothing herein shall preclude the <u>P</u><s>p</s>arties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

14. A Party may be requested to produce Confidential Information that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

**SO STIPULATED AND AGREED.**

DATED: July 1, 2022	**BLAKELY LAW GROUP**

By: /s/ Brent H. Blakely
Brent H. Blakely
*Plaintiff Chrome Hearts LLC*

DATED: July 1, 2022

**WEINER LAW GROUP**

By: /s/ C. Ty Nguyen
Jay R. McDaniel
C. Ty Nguyen
*Attorneys for Defendants Controse Inc. and Bob Kung*

**SO ORDERED.**

Dated: July 6, 2022
New York, New York

_____
Hon. Valerie Figueredo
United States Magistrate Judge

7
**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

**Exhibit A to Stipulated Protective Order**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Chrome Hearts LLC v. Controse Inc. et al.*, SDNY Case No. 21-cv-06858 have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any Confidential information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____        _____

_____        By: _____

Signed in the presence of:

_____
(Attorney)