

1334 PARKVIEW AVENUE, SUITE 280 MANHATTAN BEACH, CALIFORNIA 90266
WWW.BLAKELYLAWGROUP.COM T 310-546-7400  F 310-546-7401

E-mail bblakely@blakelylawgroup.com; tcurrie@blakelylawgroup.com

July 20, 2022

**VIA ECF**
Hon. Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

  Re: Supplemental Brief re Plaintiff's Motion to Compel
     *Chrome Hearts LLC v. Controse Inc., et. al.*
     Case No. 1:21-cv-6858-LJL-VF

Dear Hon. Figueredo:

  Plaintiff Chrome Hearts LLC ("Plaintiff" or "Chrome Hearts") submits this supplemental brief in support of its Motion to Compel Further Responses from defendants Controse Inc. and Bob Kung ("Defendants") as a result of the discovery conference on July 15, 2022. At the conference, Your Honor requested supplemental briefing as to: (1) cases from the Southern District of New York in which the Court held objections to be waived on similar facts as in the present case; and (2) cases relating to punitive damages in unfair competition/trademark infringement matters.

  **I.** **Waiver of Objections**

  Defendants' responses to Plaintiff's Interrogatories and Requests for Production were due May 20, 2022. Defendants served their responses and objections **27 days** later, on June 16, 2022. Courts in this jurisdiction will consider a justification for lateness, but as stated in Plaintiff's Reply, Defendants did not offer one. *See* Reply at p. 2; Fed. R. Civ. P. 33(b)(4); *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, 2003 U.S. Dist. LEXIS 19247 at *1-2 (S.D.N.Y. 2003) (holding that because of an absence of a valid explanation for defendant's failure to timely serve objections to plaintiff's discovery, those objections were waived when they were **10 days** late) (emphasis added)[1]; *see also Polokoff v. Int'l Pantyhose*, 1997 U.S. Dist. LEXIS 4582 at *1-2 (S.D.N.Y. 1997) (holding plaintiff's objections to Rule 34 requests were waived when they were **32 days** late); *Fears v. Wilhelmina Model Agency, Inc.*, 2004 U.S. Dist. LEXIS 8364 at *3 (S.D.N.Y. 2004) (holding plaintiff's objections to defendants' Interrogatories waived when they failed to respond by at least **6 days** without justification).

  This Court should find that objections have been waived in light of the authority cited above. Amended responses, without objections, to each of the Interrogatories and Requests for

---

[1] All citations appearing in bold are added emphases unless otherwise noted.

July 20, 2022
Page 2

Production are warranted, including to Requests for Production Nos. 28 and 29 where no prior response was given. Defendants merely objected – "Subject to General Objections, which are incorporated into each Answer, this request is not relevant to any claims or defendants in this case." Currie Decl., Exh D at p. 10-11.

## II. <u>Punitive Damages</u>

During the teleconference, Defendants took the position that: (1) their financial documents, such as tax returns and other financial reports, were not relevant or discoverable in trademark infringement and/or unfair competition actions; and (2) they have already provided sales records to Plaintiffs so they do not need to produce any financial documents. This confuses the issues.

To the first point, while it is true that Defendants' finances are not relevant to proving that Defendants violated Plaintiff's trademark rights, they *are* relevant to Plaintiff's prayer for punitive damages. These damages are available under Plaintiff's New York causes of action for trademark infringement and unfair competition. *See e.g., Attorney's Process & Research Serv. v. American Process & Research Corp.,* 177 Misc.2d 292 (N.Y.S. 1998)[2] (holding that in an unfair competition case based on service mark infringement, plaintiff is entitled to compensatory and/or punitive damages); *Underwriters' Laboratories, Inc. v. Smith*, 41 Misc.2d 756 (Sup. Ct. Kings Cty. 1964) (awarding punitive damages in a trademark counterfeiting case); *Men Women NY Model Mgt., Inc. v. Ford Models, Inc.*, 32 Misc.3d 1236(A), 2011 N.Y. Misc. LEXIS 4132 at ***23 (N.Y.S. 2011) (stating punitive damages are allowable in tort cases such as unfair competition); *Tiffany & Co. v. Costco Wholesale Corp.*, 274 F.Supp.3d 216, 225-226 (S.D.N.Y. 2017) (affirming the jury's punitive damages award under New York state law in connection with trademark infringement and counterfeiting).

Your Honor is correct in her inclination to allow the production of Defendants' financial documents based on their relevance for assessing the amount of punitive damages to be awarded and on the authority cited in Plaintiff's Motion at page 7 – *Munoz v. Manhattan Club Timeshare Ass'n, Inc.*, 2012 U.S. Dist. LEXIS 17284 at *5 (S.D.N.Y. 2012) (stating "financial information is discoverable before a finding of liability giving rise to punitive damages" because bifurcating discovery unduly burdens the plaintiff, the jury, and the court by virtue of the delay it engenders); *see also Tillery v. Lynn,* 607 F.Supp. 399, 402-03 (S.D.N.Y. 1985); *Hamm v. Potamkin*, 1999 U.S. Dist. LEXIS 5948 at *3-4 (S.D.N.Y. 1999).

It was also noted at the teleconference that Chrome Hearts, a billion-dollar company, has voluntarily produced some of its own financial information under the Protective Order. Defendants should be able to do the same under a formal Rule 34 request, specifically, Request No. 29 which asks for annual and/or quarterly financial reports. Plaintiff has noted it is willing to receive Defendants' annual tax returns as "financial reports" and/or affidavits as to Defendants' financial status.

---

[2] Since punitive damages are related to state law claims, Plaintiff has provided state court authority as well as federal.

{00103605;1}

July 20, 2022
Page 3

      To the second point, sales records do not equal Defendants' financial information. They merely reflect records of sales of the infringing products, which go toward compensatory damages, not punitive damages. *See* 15 U.S.C. § 1117(a) (stating a trademark plaintiff is entitled to recover defendant's profits, any damages sustained by plaintiff, and costs of the action as actual damages).

      Therefore, Defendants' financial documents are discoverable and relevant in this matter based on the authority cited above and in Plaintiff's Motion.

      Thank you for the opportunity to provide supplemental briefing as to the above issues.

      Respectfully submitted,

      */s/ Tara A. Currie*
      Brent H. Blakely
      Tara A. Currie (*pro hac vice*)

---

Plaintiff seeks to compel Defendants' response to two document requests, numbers 28 and 29, both of which concern Defendants' financial information. See ECF Nos. 32-34, 36-38. The court held a conference concerning the motion on July 15, 2022. Plaintiff principally argues that Defendants' objections to those document requests are waived because Defendants served its responses and objections 27 days late. Courts in this District, however, are reluctant to deem objections waived as untimely, particularly where, as here, the objections were less than one month late. Further, Defendants offered an explanation for their relatively minor delay. As such, Defendants have not waived their objections to Plaintiff's Document Requests Nos. 28 and 29.

Request Number 29 seeks "all annual and/or quarterly financial reports filed by Defendants over the last five (5) years." See ECF No. 40-2. Defendants represent that they "do[ ] not keep quarterly or annual financial reports." See ECF No. 62 at 2. As such, there are no documents in Defendants' possession that are responsive to this request.

Request Number 28 seeks "all of Defendants' profit and loss statements over the last five (5) years." See ECF No. 40-2. Defendants argue that this request is overbroad and irrelevant. But, as Defendant points out (ECF No. 62 at 3), Plaintiff seeks statutory damages for the alleged trademark infringement and statutory damages under 15 U.S.C. 1117 allows for consideration of "the expenses saved and the profits reaped by" the infringing defendant. See, e.g., AllStar Marketing Group, LLC v. *Warm Your House* Store, 2022 WL 3447988. at *4 (S.D.N.Y. Aug. 17, 2022). Such information could be gleaned from a profit and loss statement. Accordingly, Defendants are directed to provide documents responsive to Request Number 28 to Plaintiff. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 32, 37, and 61.

Dated: September 14, 2022

SO ORDERED
VALERIE FIGUEREDO
United States Magistrate Judge